GERTRUDE BELL, &c. *v.* J. T. MARTIN.

**Injunction Bond—Liability On for Debt Lost.**
  Where the evidence shows that but for an injunction to prohibit a suit on a note, it could have been collected through the process of the court, the injunction bond will become liable for the amount of the debt.

APPEAL FROM HARRISON CIRCUIT COURT.

October 6, 1870.

OPINION OF THE COURT BY JUDGE ROBERTSON:

The pleadings and evidence preponderate in favor of the conclusion that, had not Martin's suit on the note been enjoined, he would have obtained a judgment against the obligor, Blaydes, at the May term, 1868, and could, by execution, have made the whole amount of the judgment, and the facts authorize the deduction that, when the timely execution on the judgment obtained on the day of the dissolution of the injunction was delivered to the sheriff of Harrison county the remnant of visible property owned by Blaydes subject to execution had been removed to Bath county, whither he had transplanted his family. So that the return of "no property" was true, and there is neither proof nor presumption that if an execution had even been afterwards sent to Bath, anything would have been made by it.

It seems to this court, therefore, that the judgment on the injunction bond for the amount of the debt, thus apparently lost, was right, and it is therefore affirmed.

*McClintock, for appellant.*
*Boyd & Cleary, and West, for appellee.*